# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | NO. 1:12-CR-379-02-WSD-RGV |
| SAMMIE KIDD, | |
| Defendant. | |

## OPINION AND ORDER

This matter is before the Court on Defendant Sammie Kidd's ("Defendant") Appeal From Detention Order [37].

## I.     BACKGROUND

Defendant is charged with conspiring to commit a Hobbs Act robbery in violation of 18 U.S.C. § 1951(a) and conspiracy to possess with the intent to distribute marijuana in violation of 21 U.S.C. § 846 and 21 U.S.C. § 841.

On November 8, 2012, Magistrate Judge Linda T. Walker held a joint Preliminary Hearing and Detention Hearing where she found probable cause existed to believe the offenses were committed and ordered that Defendant be detained prior to trial [11]. Magistrate Judge Walker found that Defendant failed to rebut the presumption in favor of detention established by 18 U.S.C. §

3142(e)(1) and that no condition or combination of conditions would reasonably assure the appearance of Defendant at trial and the safety of the community. In making her determination, Magistrate Judge Walker noted Defendant's lengthy criminal history, prior violations of post-incarceration supervision, the fact that Defendant committed the conduct alleged in this prosecution while released on bond with similar state charges pending, and prior failures to appear for court proceedings. On December 20, 2012, Defendant filed an Appeal From Detention Order ("Appeal"), [37], seeking review of Magistrate Judge Walker's detention order pursuant to 18 U.S.C § 3145(b).

## II. STANDARD OF REVIEW

A person ordered detained by a magistrate may seek prompt review of the detention order in district court. 18 U.S.C. § 3145(b). The district court's review of the magistrate judge's findings and conclusions is *de novo*. See United States v. Jeffries, 679 F. Supp. 1114, 1115 (M.D. Ga. 1987) (citing United States v. Gaviria, 828 F.2d 667, 670 (11th Cir. 1987)); see also United States v. Hurtado, 779 F.2d 1467, 1481 (11th Cir. 1985). In conducting this *de novo* review, a hearing is not required and the district court may rely entirely on the pleadings and the evidence developed at the magistrate's detention hearing, or it may conclude that additional evidence is necessary and conduct its own evidentiary hearing. United States v.

King, 849 F.2d 485, 490 (11th Cir. 1988).[1]

### III. DISCUSSION

#### A. The Bail Reform Act

The Bail Reform Act, 18 U.S.C. § 3142, governs the release and detention of defendants awaiting trial. While there is a general presumption in favor of releasing defendants on bond pending trial, for certain offenses the presumption is against release. See 18 U.S.C. § 3142(e). Section 3142(e) states:

> Subject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed . . . [a federal drug offense] for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. § 801 et seq.).

18 U.S.C. § 3142(e)(3)(A). The presumption against release is triggered once a magistrate judge finds probable cause to believe a defendant committed the offenses of which he is accused of committing. See United States v. Medina, 775 F.2d 1398, 1400 (11th Cir. 1985). If the statutory presumption against release applies, a defendant is required to meet a burden of production to rebut it, which, if

---

[1] The Court has carefully reviewed Defendant's Appeal, the detention order, and the transcript of the hearing before the Magistrate Judge. The Court finds that there are no factual issues to resolve and no additional evidence is necessary to decide the issues before the Court. Accordingly, the Court finds a hearing is not necessary to aid the Court in its independent review of the Magistrate Judge's Order of Detention Pending Trial. See King, 849 F.2d at 490, 490 n.6.

3

met, shifts to the government the burden of persuasion concerning the defendant's risk of flight and dangerousness to the community. United States v. Quartermaine, 913 F.2d 910, 916 (11th Cir. 1990) (citing Hurtado, 779 F.2d at 1479). If a defendant successfully rebuts the statutory presumption that he is a flight risk and danger to the community, "the presumption 'remains in the case as an evidentiary finding militating against release, to be weighed along with other evidence relative to factors listed in Section 3142(g).'" Id. (quoting King, 849 F.2d at 488). The government bears the burden of establishing that the defendant should be detained, either by a preponderance of the evidence that the defendant poses a high risk of flight, or by clear and convincing evidence that the defendant constitutes a danger to certain individuals and to the community. Id. at 917.

Section 3142(g) provides the factors that a court shall consider in determining whether a person poses a flight risk or a danger to the community:

> (1) The nature and circumstances of the offense charged, including whether the offense . . . involves . . . a controlled substance . . . ;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including—
>
>> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to

4

>                      drug or alcohol abuse, criminal history, and record
>                      concerning appearance at court proceedings; and
>
>                      (B) whether, at the time of the current offense or
>                      arrest, the person was on probation, on parole, or
>                      on other release pending trial, sentencing, appeal,
>                      or completion of sentence for an offense under
>                      Federal, State, or local law; and
>
>              (4) the nature and seriousness of the danger to any person
>              or the community that would be posed by the person's
>              release . . . .

18 U.S.C. § 3142(g).

      B.    <u>The rebuttable presumption under Section 3142(e)</u>

Defendant is charged with a violation of 18 U.S.C. § 1951(a) and drug charges for which the maximum term of imprisonment exceeds ten years. Magistrate Judge Walker found that probable cause existed to believe that Defendant committed the offenses for which he is charged, and thus, a rebuttable presumption against release arises under 18 U.S.C. § 1342(e). <u>See</u> <u>King</u>, 849 F.2d at 487-88. Defendant proffers the following to meet his burden of production to rebut the statutory presumption against release: (1) if released, he will live with his mother at her home in Ellenwood, Georgia, where he asserts he has lived for the past seven years; (2) in addition to his mother, his ties to Atlanta include several relatives and a girlfriend who is the mother of one of his children; (3) if released, he will have employment at a work-site in Cobb County through his uncle; and (4)

he has limited financial means and has no passport. (Appeal ¶ 3; Tr. of Hr'g at 29:3-6, 28:11).

The Court finds that the Defendant did not meet his burden of production to rebut the presumption of detention and, even if he did, the evidence is sufficient for the Government to meet its burden to show detention is appropriate.

The evidence offered by Defendant to meet his production burden to rebut detention is thin. That he lives with his mother, has other relatives and a girlfriend here, will work for a relative and has few resources while suggesting he may not flee does not rebut that he is a danger to the community.

The evidence offered by the Government in favor of detention is strong. There are open misdemeanor charges pending against Defendant in Clayton County for possession of marijuana and cocaine, and possession of cocaine with intent to distribute. (Tr. of Hr'g at 30:10-13). The evidence also supports that Defendant engaged in the criminal conduct for which he is indicted in this case while released on bond pending resolution of the Clayton County charges. (Id. at 30:14-16). Defendant has a significant criminal history, including a prior felony drug conviction for trafficking in cocaine for which he was sentenced to serve eight years in federal prison, and he violated his post-incarceration supervision. (Id. at 30:5-7). Defendant has a history of failing to appear in court for traffic offenses, resulting in four license suspensions. (Id. at 30:17-23).

Applying the factors set forth in 18 U.S.C. § 3142(g), the Court agrees with the Magistrate Judge that Defendant is required to be detained pending trial. Defendant has presented scant evidence to support his argument that he is not inclined to flee, and has offered nothing to show he is not a danger to the community including by being involved in criminal drug activity.

The Court also finds that Defendant poses a danger to the community if released pending trial. He has a history of drug-related convictions and failure to comply with post-incarceration supervision terms and conditions. That he engaged in the conduct alleged in this prosecution while misdemeanor drug charges were pending evidences the likelihood that Defendant will continue to engage in drug trafficking if he is released pending trial. See King, 849 F.2d at 488 (stating that the risk that a defendant will continue to engage in drug trafficking constitutes a danger to the safety of the community).

The rebuttable presumption in 18 U.S.C. § 3142(e) exists to advance Congress' belief that those charged with serious drug crimes are necessarily a danger to the community and should be detained to protect the public, absent a showing by the defendant that he is not a danger to the community. See Quartermaine, 913 F.2d at 916. The presumption when considered in connection with Defendant's other conduct in this case compels the conclusion that Defendant should be detained.

## IV. CONCULSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendant's Appeal From Detention Order [37] is **DENIED.**


**SO ORDERED** this 11th day of January, 2013.

_William S. Duffey_
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE